# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| HANS SCHEING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| JOHN THOMAS HOOD, an ) | **JURY TRIAL DEMANDED** |
| individual; and SERVICE ) | |
| TRANSPORT, INC., a South ) | |
| Carolina corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Hans Scheing, by and through the undersigned counsel, and asserts the following:

## INTRODUCTION

1.  Defendant John Thomas Hood, d/b/a JTS Express ("Hood"), is a commercial truck driver. In January 2017, Hood and another driver named Vernie Fowler, Sr. ("Fowler") were driving a "hot shot" or expedited freight load of golf shoes at the request of Service Transport, Inc. ("STI") from Greer, South Carolina to California. STI's motto is "on time….or….on us" as it specializes in "time sensitive ground freight transportation."

2. En route to California on STI's mission, Fowler and Hood were unexpectedly delayed by icy road conditions on Interstate 20 in St. Clair County, Alabama. At the same time, the Plaintiff, who was also stranded in the gridlock caused by the icy conditions on Interstate 20, was out on the roadway assisting other motorists stuck in the standstill.

3. As the Plaintiff was helping direct the driver of a jack-knifed truck to back up, he noticed Defendant Hood's semi-truck, operated by Fowler, continuing to travel in his direction despite the dangerous conditions. Plaintiff signaled for Fowler to stop in an attempt to avoid the potential for a collision with the jack-knifed truck.

4. Fowler, driving Hood's truck and STI's loaded trailer, ignored the Plaintiff's signal and continued to travel on the road shoulder directly toward the pedestrian Plaintiff. The Plaintiff was ultimately forced to jump out of the way of the oncoming truck to avoid being run over.

5. Soon thereafter, as the Plaintiff was walking back to his own truck, he approached the Defendants' truck. Fowler tipped Hood off that the Plaintiff was nearby. Hood exchanged words with the Plaintiff. Hood was so angered by the circumstances, which included the Plaintiff's verbally expressing his frustration

over nearly being run over, that Hood grabbed a firearm in the cab of the truck and shot the Plaintiff.

6. Fowler and Hood drove away from the scene but were eventually tracked down by law enforcement more than five (5) miles away from where the Plaintiff was shot. Hood was indicted by a Calhoun County, Alabama grand jury for Assault in the First Degree and is currently the Defendant in the resulting criminal case. Hood's case is pending in the Circuit Court of St. Clair County, Alabama, bearing case number CC-2017-281.

## JURISDICTION AND VENUE

7. The Plaintiff is a resident citizen of Delaware and all Defendants are resident citizens of or corporations incorporated in or based in South Carolina. The Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs. Thus, this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The Plaintiff is seeking both compensatory and punitive damages for the assault and other harms Plaintiff suffered on January 7, 2017 when he was shot by Hood on Interstate 20 in St. Clair County, Alabama.

## PARTIES

8. Plaintiff, Hans Scheing, is over the age of nineteen (19) and is a resident citizen of Delaware.

9. Defendant Service Transport, Inc. is a South Carolina corporation that at all times material contracted with Hood to transport a hot shot load of golf shoes from Greer, South Carolina to California.

10. Defendant John Thomas Hood is an adult resident citizen of South Carolina. John Thomas Hood was doing business as JTS Express and at all times material to the Plaintiff's claims Hood and his agent or employee Fowler were working under contract with STI or on behalf of or for the benefit of Defendant STI.

## **COUNT ONE: NEGLIGENCE/WANTONNESS AGAINST STI**

11. The Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

12. Prior to the assault of the Plaintiff by Defendant Hood, Defendant STI knew or should have known that its driver, agent, or employee Hood was violent, aggressive, or had anger management issues that would likely cause harm if he were allowed to carry a firearm during the time-sensitive transport of the STI freight from Greer, South Carolina to California.

13. Defendant STI negligently or wantonly failed to implement reasonable safety protocols to prevent or deter its drivers, including Hood, from

carrying or using firearms when transporting loads across the continental United States.  Defendant STI had reason to know or should have known of a probability for illegality, risk, and injury should one of its drivers be allowed to carry a firearm in the cab of a truck when carrying time-sensitive freight across the country.

14. Despite the foreseeability of harm, Defendant STI negligently or wantonly failed to adequately train or supervise Defendant Hood or take reasonable precautions to prevent an STI driver from possessing a firearm in an illegal, dangerous, or unreasonable manner.  As a direct and proximate result of the wanton or negligent conduct of Defendant STI, the Plaintiff was harmed as set forth herein.

15. Prior to or during the existence of the employment or agency relationship between Defendant Hood and Defendant STI, Defendant Hood's dangerous or risky propensities were, or should have been, observed by Defendant STI had it exercised reasonable care in hiring or contracting with Defendant Hood or in supervising him.  A reasonably prudent freight shipment company would have terminated Defendant Hood's contract or employment prior to Defendant Hood shooting the Plaintiff.

16. Defendant STI breached its duty of care by failing to reasonably supervise or train its drivers including but not limited to Defendant Hood and

Fowler who was aware or should have been aware of Defendant Hood's intent to harm the Plaintiff.

17.   This breach proximately caused the Plaintiff's injuries and damages, as set forth above.

18.   WHEREFORE, the Plaintiff demands judgment against Defendant STI in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for his injuries, lost wages, medical expenses and other resultant damages, together with interest from the date of injury, and the costs of this proceeding.  Further, the Plaintiff request that the jury selected to hear this case render a verdict for the Plaintiff against Defendant STI, and that it award punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendant STI's wrongful acts and which will effectively prevent other similar wrongful acts.

**COUNT TWO - ASSAULT AND BATTERY AGAINST HOOD**

19.   The Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

20.   Defendant Hood's wrongful and unreasonable shooting of the Plaintiff is legally cognizable as assault and battery, among other things.

21. As a result of Defendant Hood's wrongful conduct, the Plaintiff suffered significant physical injuries, pain, suffering, lost wages, mental anguish and emotional distress, and additional damages including but not limited to medical expense damages for the treatment of his permanent, resultant injuries.

22. WHEREFORE, the Plaintiff demands judgment against Defendant Hood in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for his injuries, lost wages, medical expenses and other resultant damages, together with interest from the date of injury, and the costs of this proceeding.  Further, the Plaintiff request that the jury selected to hear this case render a verdict for the Plaintiff against each Defendant, and that it award punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendant's wrongful acts and which will effectively prevent other similar wrongful acts.

**COUNT THREE - NEGLIGENCE/WANTONNESS AGAINST HOOD**

23. The Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

24. On January 7, 2017, Defendant Hood acted with extreme indifference to the value of Plaintiff's life.  Defendant Hood unreasonably, recklessly, or

wantonly engaged in conduct which created a grave risk of death to Plaintiff, and thereby caused serious physical injury to the Plaintiff.

25. WHEREFORE, the Plaintiff demands judgment against Defendant Hood in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for his injuries, lost wages, medical expenses and other resultant damages, together with interest from the date of injury, and the costs of this proceeding.  Further, the Plaintiff request that the jury selected to hear this case render a verdict for the Plaintiff against Defendant Hood, and that it award punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendant Hood's wrongful acts and which will effectively prevent other similar wrongful acts.

## **COUNT FOUR - RESPONDEAT SUPERIOR AGAINST STI**

26. The Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

27. At all times relevant to this Complaint, Defendant Hood and Fowler were drivers for or agents of Defendant STI and were acting within the course and scope of his employment with and/or assignment from Defendant STI.

28. Under the doctrine of respondeat superior or vicarious liability, Defendant STI is liable for the negligent, wanton or otherwise wrongful conduct of its drivers, Defendant Hood and Fowler.

29. WHEREFORE, the Plaintiff demands judgment against Defendant STI in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for his injuries, lost wages, medical expenses and other resultant damages, together with interest from the date of injury, and the costs of this proceeding.  Further, the Plaintiff request that the jury selected to hear this case render a verdict for the Plaintiff against Defendant STI, and that it award punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendant STI's wrongful acts and which will effectively prevent other similar wrongful acts.

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

Respectfully submitted,

*/s/ Gregory Zarzaur*
Gregory Zarzaur (ASB-0759-E45Z)
Attorney for Plaintiff

**OF COUNSEL:**
ZARZAUR MUJUMDAR & DEBROSSE - TRIAL LAWYERS
2332 Second Avenue North

Birmingham, Alabama 35203
T: (205) 983-7985
F: (888) 505-0523
E: gregory@zarzaur.com

**PLEASE SERVE THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL ON THE DEFENDANT SERVICE TRANSPORT, INC. AT THE FOLLOWING ADDRESS:**

Service Transport, Inc.
℅ Brent Jones, Registered Agent
1441 S. Buncombe Rd.
Greer, South Carolina   29651

**PLAINTIFF WILL SERVE THE FOLLOWING DEFENDANT WITH THE SUMMONS AND COMPLAINT BY PERSONAL PROCESS SERVER:**

John Thomas Hood
416 Surfwind Drive E.
Murrells Inlet, South Carolina 29576